Thomas K. DELAHANTY, et al., Appellants,

v.

John W. HINCKLEY, Jr., et al., Appellees.

No. 87–7055.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 19, 1990.

Decided April 13, 1990.

Frederic W. Schwartz, Jr., with whom Robert Cadeaux and Thomas W. Taglieri, were on the brief, for appellants.

Frank G. Jones, with whom Peter A. White and Ben Taylor, were on the brief, for appellees.

Before MIKVA, EDWARDS and STARR,* Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

On April 29, 1988, a panel of this court certified the following question to the District of Columbia Court of Appeals:

> Whether, in this jurisdiction, manufacturers and distributors of Saturday Night Specials may be strictly liable for injuries arising from these guns' criminal use.

*Delahanty v. Hinckley,* 845 F.2d 1069, 1071 (D.C.Cir.1988). The District of Columbia Court of Appeals has issued its

---

* Circuit Judge STARR did not participate in this

answer. *Delahanty v. Hinckley,* 564 A.2d 758 (D.C.1989) *reh'g denied,* (D.C.Civ. Nos. 82–409, *et al.,* February 15, 1990). The court determined that the manufacturers are not liable under any of the theories advanced by the appellants. *Id.* at 760. The court expressly rejected as a matter of District of Columbia law appellants' claims that the defendants' Saturday Night Specials were defectively designed or were abnormally dangerous. *Id.* at 760–61.

In light of the District of Columbia court's decision, we find that the trial court correctly applied District of Columbia law. *Delahanty v. Hinckley,* 686 F.Supp. 920 (D.D.C.1986). The trial court ruled that Thomas Delahanty, a police officer shot by John Hinckley during the latter's attempted assassination of President Reagan, was not entitled to hold the manufacturer and marketer of Hinckley's handgun strictly liable for injuries he suffered from Hinckley's criminal use of their product. *Id.* at 927–28. As the District of Columbia court has confirmed the correctness of this determination, we affirm the decision of the trial court.

*So Ordered.*